Battle, J.
 

 The demurrer to the bill raises at once the question whether the plaintiff has therein stated a case which entitles him to the aid of this Court. The plaintiff, by allowing himself to be substituted in the place of Sidney X. Johnston, the trustee named in the will, has assumed all the duties, and become liable to all the responsibilities, which the testator had attached to the trust created by his will. It is manifest that the testator regarded his son, the defendant, as an unfit depositary of the property which he intended to give for his benefit, and it is clear that he intended that the trustee whom he selected should exercise a restraining influence over the expenditures of his son. Among flie many important powers conferred, and duties imposed, upon Courts of Equity, those in relation to trusts hold a prominent place. In every thing relating to the trustee, and his
 
 eestui que
 
 trust, these Courts are to see that the object of the trust shall be fully accomplished ; and it is their especial duty to supervise the acts of the trustee, and .to prevent him from taking advantage, in any manner, of the person who, or whose property, is confided to his care or management. If the trustee be about to commit a breach of trust, the Courts will restrain him, and it follows necessarily that they will never sanction, or order, such a breach. In the present case, it wras the duty of the plaintiff* to protect the trust property, so far as he could, against the extravagant expenditures of the defendant, and not himself to encourage such extravagance, by lending him money, paying his debts, or becoming in any other way his creditor. Eor the reasonable and proper expenses of the defendant, the
 
 *494
 
 plaintiff, having the legal title of the property, with an express power to sell it, may do so without calling npon this Court; and for any other expenses, the Court cannot aid him in doing that which it is his duty not to do. In either case the bill is unnecessary and improper, and cannot be sustained.
 

 "What the rights of other creditors of the defendant may be, it is unnecessary for ns now to say. The cases of
 
 Dick
 
 v. Pitchford, 1 Dev. and Bat. Eq. Rep. 480, and
 
 State Bank
 
 v. Forney, 2 Ire. Eq. Rep. 181, will be found to contain able expositions of the law in relation to the subject. Being unable to discover any equity in the case stated by the plaintiff, the demurrer must be sustained, and the bill dismissed with costs.
 

 Pee CuRiAM. Bill dismissed.